_____ FILED   _____ ENTERED
_____ LOGGED   _____ RECEIVED

NOV 2 6 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF:                )
                                 )
                                 )
SANDY Y. CHANG,                  )        SEALED
                                 )        Miscellaneous Case No. 11MC217
        Respondent               )
                                 )
                                 )

## REPORT AND RECOMMENDATION OF DISCIPLINARY PANEL

The Respondent, Sandy Y. Chang, was admitted to the Bar of the Court of Appeals of Maryland on December 16, 2003, and thereafter was admitted to the Bar of this Court on January 8, 2007.  On February 15, 2011, U.S. Bankruptcy Judge Paul Mannes brought to the attention of the Disciplinary and Admissions Committee of this Court his concerns as to the conduct of Ms. Chang in the case of *In re Morales*, Bankruptcy Case No. 10-32629 (PM).  (A copy of his letter is attached as Exhibit 1).  The matter was considered by the Disciplinary and Admissions Committee and, with the approval of the full bench of this Court, an Order dated May 6, 2011 was entered pursuant to Local Rule 705.1.a appointing Lawrence F. Regan, Jr., a member of the Bar of this Court, to conduct an investigation of Ms. Chang.  On the same date, Judge Peter J. Messitte, Chairman of the Disciplinary and Admissions Committee, wrote a letter to Ms. Chang describing the basis of the referral to Mr. Regan.

On October 4, 2011, Mr. Regan filed a Report and Recommendation in which he initially recommended that Ms. Chang be publicly reprimanded and that she be required to engage in a number of remedial measures.  On November 9, 2011, after receipt of Mr. Regan's Report, Judge Messitte brought to the attention of Mr. Regan a letter addressed to Judge Mannes dated August 25, 2011, from Assistant U.S. Trustee Gerard R. Vetter concerning the filing of altered

Certificates of Credit Counseling in eleven different cases. (A copy of this letter is attached to this Report and Recommendation as Exhibit 2).

On November 16, 2011, Mr. Regan advised Judge Messitte that, after considering Mr. Vetter's letter, he had changed his conclusion and would now recommend that proceedings be initiated to disbar Ms. Chang. (A copy of his letter is attached as Exhibit 3). On January 24, 2012, Chief Judge Deborah K. Chasanow entered an Order pursuant to Local Rule 705.1.d appointing a disciplinary panel of the undersigned judges to conduct a disciplinary hearing with respect to Ms. Chang. On July 9, 2012, a hearing was held before the undersigned judges, and Ms. Chang was represented by counsel, Herbert Alan Dubin.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) was enacted April 20, 2005. (Pub. L. 109-8, 119 Stat. 23). One of the significant changes made by the legislation was the establishment of a credit counseling and debtor education requirement. 11 U.S.C. § 109(h) provides that an individual debtor will no longer be eligible for relief under the bankruptcy laws unless, within one hundred and eighty days prior to filing, the debtor receives an "individual or group briefing" from a nonprofit budget and credit counseling agency approved by the United States trustee or a bankruptcy administrator. Thus, a debtor is not entitled to relief unless, within the one hundred eighty day pre-filing period, the required credit counseling has occurred.

As documented in Mr. Vetter's August 25, 2011, letter to Judge Mannes, Certificates of Credit Counseling filed by Ms. Chang had been altered in eleven cases filed in Maryland. This is not a minor matter because, under the provisions of BAPCPA, the credit counseling requirement is an essential prerequisite to the entitlement of any relief in bankruptcy. The problem with altered Credit Counseling Certificates was not, however, limited to Maryland.

2

One of the exhibits offered by Mr. Regan and received in evidence at the hearing consisted of a Stipulation and Agreed Order entered on November 17, 2011, by United States Bankruptcy Judge Brian F. Kenney of the Eastern District of Virginia in which, among others, Ms. Chang agreed to relinquish her admission to the Attorney Bar of the United States Bankruptcy Court for the Eastern District of Virginia for a period of one year, together with a number of extensive conditions that must be met by her prior to her readmission. (A copy of the Stipulation and Order is attached as Exhibit 4.) The Stipulation and Order was premised upon alterations of Credit Counseling Certificates in six cases in that court as well as upon the filing of bankruptcy petitions that were not authorized by the applicable petitioners.

The Credit Counseling Certificate issue was not limited to Maryland and Virginia, but also extended to the District of Columbia. Ms. Chang is the signatory to a Stipulation and Agreed Order in a bankruptcy case in the United States Bankruptcy for the District of Columbia, *In re: Anunciacion B. Cabangon*, Case No. 11-00144, in which she agreed, subject to approval of the Stipulation, to a one-year suspension of the practice of law in that court.

On March 26, 2012, the United States District Court for the District of Columbia entered a Temporary Suspension and Show Cause Order premised upon the Stipulation and Agreed Order entered by the United States Bankruptcy Court for the Eastern District of Virginia which suspended Ms. Chang from practice and directed her to show cause why the imposition of identical discipline would be unwarranted and the reasons therefor. (A copy of the Temporary Suspension and Show Cause Order is attached as Exhibit 5). On August 9, 2012,[1] the United States District Court for the District of Columbia vacated the Temporary Suspension and Show Cause Order entered on March 26, 2012, and imposed a reciprocal suspension for "a period of one (1) year, nunc pro tunc to December 17, 2011, with reinstatement dependent upon the

---

[1] The Order was entered on the docket on August 20, 2012.

requirements listed in LCvR 83.18." (A copy of this Order is attached as Exhibit 6). The Order further indicated that Ms. Chang would, "in no event . . . be reinstated to the Bar of this Court until she has filed a formal Answer to Judge Teel's complaint, dated January 24, 2012, and the Committee on Grievances and the Disciplinary Panel have an opportunity to consider what additional discipline, if any, is deemed appropriate." Thus, the possibility exists that additional disciplinary action will be taken against Ms. Chang by the United States District Court for the District of Columbia.

At the hearing before the panel of this Court, Ms. Chang testified and conceded that there had been alterations made to Credit Counseling Certificates in eight cases in Virginia, one case in the District of Columbia, as well as the eleven Maryland cases enumerated in Mr. Vetter's letter of August 25, 2011. She attributed the alterations to actions of a former employee who was terminated in August of 2011 after employment in her office for a little over a year. That employee brought few, if any qualifications, to the position other than being a former Toyota car salesman. Rule 9011(a) of the Federal Rules of Bankruptcy Procedure provides that "[e]very petition, pleading, written motion and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name." Rule 9011(b) provides that "[b]y presenting to the court (whether by signing, filing, submitting or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances ( * * * * (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

All of the Certificates of Credit Counseling filed by Ms. Chang were filed electronically using her login and password. Apparently, she provided that login and password to the former

car salesman who made the alterations and entered the documents on her behalf.  This is, however, a distinction without a difference and only goes to the question of mitigation of sanction.  By authorizing an employee to utilize her login and password, she became personally responsible for whatever was filed.   Administrative Order No. 03-02 of the United States Bankruptcy Court for the District of Maryland provides in paragraph X.B. that [u]se of the Filing User's login and password on the CM/ECF System constitutes the filing user's signature for all purposes for documents which must contain original signatures.  Paragraph 2 of the CM/ECF registration form for the Bankruptcy Court provides that "[t]he use of my password, obtained pursuant to this application, to file a document in the record of a bankruptcy case or proceeding will constitute my signature upon and my signing of any" documents filed with the court. Similar requirements and reminders are contained in the Electronic Filing Requirements and Procedures for civil cases adopted by this Court.  Paragraph IIB.1. provides that "[a]n attorney's login and password constitute his or her signature on all documents filed using the login and password."   Paragraph IIB.5. states that "[a]n attorney may allow a paralegal, assistant, or other person in the attorney's office to use his or her login and password to file documents on the attorney's behalf.  It is important to remember that your login and password constitute your signature, regardless of whether you personally use it or delegate that authority to someone else." Thus, it is clear that Ms. Chang is personally responsible for all of the documents filed by her, including those filed by an allegedly wayward employee.

It is apparent that, as a result of Ms. Chang's mismanagement of her office and failure to supervise an employee who filed numerous altered documents on her behalf, she failed both directly and indirectly in her obligations to her clients and to the courts in which these cases were filed.

The Panel has carefully considered the violations committed by Ms. Chang as well as the evidence offered by her in mitigation. While the conduct engaged by her is egregious and warrants a significant sanction, the Court concludes that disbarment is not required at this time in the absence of a repetition of the conduct in question.

Accordingly the Panel recommends that Ms. Chang be suspended for a period of one year from the Bar of this Court, such period to run from the effective date of the Order of Suspension and not to run concurrently with any sanctions now or hereafter imposed in the District of Columbia and Virginia. This is not a reciprocal discipline matter, but rather an original case involving violations in this jurisdiction. For this reason, any sanction imposed by this Court should not be concurrent with discipline imposed by other courts for other disciplinary violations. In addition, Ms. Chang should not be readmitted to the Bar of the Court after completion of the one-year suspension until she has provided a list of the procedures that she and her law firm have implemented to prevent a recurrence of the issues that arose in this case, including an enumeration of the manner and methods by and through which she and all other attorneys in her firm will (a) interview each and every client prior to the filing a bankruptcy petition on his or her behalf; (b) ensure the witnessing of each and every signature executed by a client for each such document that is filed on the CM/ECF system, including, but not limited to, all petitions, pleadings and other filings; (c) ensure the accurate disclosure of all income received from all clients, including money received for loan modifications, on all attorney disclosures of compensation; (d) maintain accurate client billing records; (e) charge reasonable fees; (f) maintain original signatures in compliance with the CM/ECF procedures of this Court and of the United States Bankruptcy Court for the District of Maryland; (g) ensure that the Credit Counseling Certificates that are filed with the Bankruptcy Court of this District are, in all

respects, accurate and comply with the credit counseling requirements of Section 109(h) of the Bankruptcy Code.

The Panel further recommends that the Order suspending Ms. Chang specifically reserve to the Bankruptcy Court the determination of appropriate sanctions that may or should be imposed as authorized by Bankruptcy Rule 9011 against her in the individual cases in which altered Certificates of Credit Counseling were filed and that the entry of the Order further be without prejudice to the right of the Bankruptcy Court to enter Orders of Disgorgement of Fees in the affected cases.

Finally, the Panel recommends that, as a condition of her readmission following the completion of her one-year suspension, she be required to file monthly reports of her activities and that she be required to engage the services of a mentor to supervise her practice for a period of one year following her readmission to the Bar of this Court.

_____/s/_____
Marvin J. Garbis
United States District Judge


_____/s/_____
Duncan W. Keir
United States Bankruptcy Judge


_____/s/_____
Roger W. Titus
United States District Judge

7